

**FILED**
CLERK, U.S. DISTRICT COURT

JUN 18 2024

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ rsm _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2024 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. **2:24-CR-00367-MCS** |
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 1349: Conspiracy to Commit Mail Fraud and Bank Fraud; 18 U.S.C. § 1341: Mail Fraud; 18 U.S.C. § 1344(2): Bank Fraud; 18 U.S.C. § 1029(a)(2): Use of Unauthorized Access Devices; 18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft; 18 U.S.C. §§ 982 and 1029: Criminal Forfeiture] |
| REGINALD FOSTER, JR., aka "Reginald Foster II," SHELECE COUNTS, and ISAIAH HERBERT LAWRENCE, | |
| Defendants. | |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 1349]

[ALL DEFENDANTS]

A.   INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1.   The California Employment Development Department ("EDD") administered the unemployment insurance ("UI") benefits program for the State of California.

2.   On March 13, 2020, the President of the United States declared COVID-19 an emergency under the Robert T. Stafford Disaster Relief and Emergency Assistance Act.  As a result, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), which the President signed into law on March 27, 2020.  The CARES Act provided over $2 trillion in economic relief protections to the American people from the public health and economic impacts of COVID-19.

3.   Prior to the enactment of the CARES Act, to be eligible for UI benefits administered by EDD, a person had to have been employed and worked in California and received at least a certain amount of wages from an employer in the 18 months preceding his/her UI benefits claim.  Because of this requirement, self-employed workers, independent contractors, and employees with insufficient earnings were not eligible to receive regular UI benefits.

4.   The CARES Act established a new program — Pandemic Unemployment Assistance ("PUA") — to provide UI benefits during the COVID-19 pandemic to people who did not qualify for regular UI benefits, including business owners, self-employed workers, independent contractors, and those with a limited work history, who were out of business or had significantly reduced their services as a direct result of the pandemic.  UI benefits provided under the PUA program were sometimes referred to as PUA benefits.

5.   Under the PUA provisions of the CARES Act, a person who was a business owner, self-employed worker, independent contractor, or gig worker could qualify for PUA benefits administered by EDD if he/she previously performed such work in California and was

unemployed, partially unemployed, unable to work, or unavailable to work due to a COVID-19-related reason.

6. Persons applying for PUA benefits did not need to submit any supporting documents to EDD with their applications. Claimants reported their total income for the 2019 calendar year on the application. The stated income was used to calculate the benefits to be paid, which were at least $167 per week.

7. A PUA benefits claimant was required to answer various questions on his/her application to establish his/her eligibility for the benefits. The claimant was required to provide his/her name, Social Security Number, and mailing address. The claimant was also required to identify a qualifying occupational status and COVID-19 related reason for being out of work.

8. After it approved an application for UI benefits, including an application submitted pursuant to the PUA program, EDD would create a debit account ("EDD debit account") with Bank of America, NA ("Bank of America"). An Electronic Bill Payment ("EBP") debit card linked to the EDD debit account would then be mailed via the United States Postal Service from Bank of America to the claimant at the address the claimant provided as his/her mailing address on his/her UI benefits application.

9. EDD would deposit UI benefits, including pandemic benefits, to the EDD debit account. The debit card could then be used to withdraw the benefits from the EDD debit account in cash, using automated teller machines ("ATMs"), including ATMs that Bank of America, Wells Fargo Bank, NA ("Wells Fargo"), Chase Bank, Bank of the West, and HomeStreet Bank, operated, and to pay for purchases.

10.   Bank of America, Wells Fargo, Chase Bank, Bank of the West, and HomeStreet Bank were financial institutions that were each insured by the Federal Deposit Insurance Corporation.

11.   Defendants REGINALD FOSTER, JR., also known as "Reginald Foster II," SHELECE COUNTS, and ISAIAH HERBERT LAWRENCE were residents of Los Angeles County, California.

12.   Defendant FOSTER maintained and was the sole signatory for Chase Bank account X7539 (the "Champs Up Bank Account"), held in Long Beach, California, in the name of Champs Up, LLC, an entity for which defendant FOSTER identified himself as the Chief Executive Officer.

B.   THE OBJECTS OF THE CONSPIRACY

13.   Beginning no later than in or around June 2020 and continuing until at least in or around October 2020, in Los Angeles and Riverside Counties, within the Central District of California, and elsewhere, defendants FOSTER, COUNTS, and LAWRENCE conspired with one another and with others known and unknown to the Grand Jury to commit offenses against the United States, namely: (a) mail fraud, in violation of Title 18, United States Code, Section 1341; and (b) bank fraud, in violation of Title 18, United States Code, Section 1344(2).

C.   MANNER AND MEANS OF THE CONSPIRACY

14.   The objects of the conspiracy were carried out, and were to be carried out, in substance, as follows:

a.   Defendant FOSTER and other coconspirators would acquire the names, dates of birth, social security numbers, and other personal identifying information ("PII") of individuals, including identity theft victims, who were not eligible for UI benefits administered by EDD, including pandemic benefits, because they were

4

employed, retired, had never worked in California, or had applied for benefits in a different state.

b.   Defendant FOSTER and other coconspirators would use the PII to submit fraudulent online applications to EDD for UI benefits, including pandemic benefits (the "fraudulent EDD applications").

c.   In order to cause EDD to approve the fraudulent EDD applications, defendant FOSTER and other coconspirators would provide materially false information to EDD on the fraudulent EDD applications, including that the named applicants had been employed in California and had become unemployed as a direct result of the COVID-19 pandemic.

d.   In order to gain control of the UI benefits that the fraudulent EDD applications were intended to generate, defendant FOSTER and other conspirators would include as the mailing address on the fraudulent EDD applications addresses to which they had access.

e.   By submitting the fraudulent EDD applications, defendant FOSTER and the other coconspirators would cause EDD to:

i.   Authorize UI benefits, including pandemic benefits, to be provided via EDD debit accounts established at Bank of America to individuals, including identity-theft victims, who were ineligible for pandemic benefits administered by EDD because, among other reasons, they were employed, retired, had never been employed in California or had applied for benefits in other states; and

ii.   Cause EBP debit cards, that is, debit cards linked to the EDD debit accounts at Bank of America, to be mailed to the mailing addresses to which defendant FOSTER and other coconspirators had access.

f.    After EDD approved the fraudulent EDD applications and disbursed the UI funds, including pandemic benefits, to the EDD debit accounts, and Bank of America issued the EDD debit cards linked to those accounts, defendants FOSTER and COUNTS would call Bank of America to activate the EBP debit cards.

g.    Thereafter, defendants FOSTER, COUNTS, and LAWRENCE, and their coconspirators, would fraudulently assume the identities of the EDD debit account holders and use the corresponding EBP debit cards to make fraudulent cash withdrawals of the benefits, knowing that they were not entitled to the withdrawals.  The withdrawals were made by (i) obtaining cash from ATMs, including ATMs that Bank of America, Wells Fargo, Chase Bank and Homestreet operated, in Los Angeles and Riverside Counties and elsewhere; and (ii) electronic transfers, both directly and through Cash App, to the Champs Up Bank Account.

D.   OVERT ACTS

15. On or about the dates set forth below, in furtherance of the conspiracy, and to accomplish its objects, defendants FOSTER, COUNTS, and LAWRENCE, and others known and unknown to the Grand Jury, committed and willfully caused others to commit the following overt acts, among others, within the Central District of California, and elsewhere:

Identity-Theft Victim U.W.

Overt Act No. 1:    On July 15, 2020, defendant FOSTER electronically filed an application for pandemic assistance benefits in the name of victim U.W., which was approved.

Overt Act No. 2:   On July 27, 2020, defendant FOSTER contacted Bank of America to activate the EBP debit card linked to the EDD debit account established to dispense UI benefits to victim U.W.

Overt Act No. 3:   On July 29, 2020, defendant FOSTER used the EBP debit card issued in the name of U.W. to transfer $5,000 to the Champs Up Bank Account.

Overt Act No. 4:   On August 14, 2020, defendant LAWRENCE used the EBP debit card issued in the name of U.W. at Bank of America in Northridge, California, to make two ATM withdrawals – for $200 and then for $800 – in rapid succession.

Overt Act No. 5:   On August 17, 2020, defendant LAWRENCE used the EBP debit card issued in the name of U.W. at Bank of America in Northridge, California, to make two ATM withdrawals – for $200 and then for $800 – in rapid succession.

Overt Act No. 6:   On August 18, 2020, defendant LAWRENCE used the EBP debit card issued in the name of U.W. at a Bank of America ATM in Chatsworth, California, to withdraw $400.

Identity-Theft Victim T.K.

Overt Act No. 7:   On July 21, 2020, defendant FOSTER electronically filed an application for pandemic assistance benefits in the name of victim T.K., which was approved.

Overt Act No. 8:   On August 1, 2020, defendant FOSTER contacted Bank of America to activate the EBP debit card linked to the EDD debit account established to dispense UI benefits to victim T.K.

Overt Act No. 9:   On August 3, 2020, defendant FOSTER used the EBP debit card issued in the name of T.K. to transfer $3,000 to the Champs Up Bank Account.

Overt Act No. 10:   On August 4, 2020, defendant LAWRENCE used the EBP debit card issued in the name of T.K. at Bank of America in Chatsworth, California, to make two ATM withdrawals in rapid succession, each for $500.

Overt Act No. 11:   On August 11, 2020, defendant LAWRENCE used the EBP debit card issued in the name of T.K. at Bank of America in Northridge, California, to make two ATM withdrawals – for $100 and then for $800 – in rapid succession.

Identity-Theft Victim T.M.

Overt Act No. 12:   On July 25, 2020, defendant FOSTER electronically filed an application for pandemic assistance benefits in the name of victim T.M., which was approved.

Overt Act No. 13:   On August 13, 2020, defendant FOSTER contacted Bank of America to activate the EBP debit card linked to the EDD debit account established to dispense UI benefits to victim T.M.

Overt Act No. 14:   On August 13, 2020, defendant FOSTER used the EBP debit card issued in the name of T.M. to transfer $5,000 to the Champs Up Bank Account.

Overt Act No. 15:   On August 14, 2020, defendant FOSTER used the EBP debit card issued in the name of T.M. at a Bank of America ATM in Long Beach, California, to withdraw $1,000.

Overt Act No. 16:   On August 15, 2020, defendant FOSTER used the EBP debit card issued in the name of T.M. at a Bank of America ATM in Long Beach, California, to withdraw $1,000.

Overt Act No. 17:   On August 21, 2020, defendant LAWRENCE used the EBP debit card issued in the name of T.M. at Bank of America in

Chatsworth, California, to make two ATM withdrawals – for $200 and then for $800 – in rapid succession.

Overt Act No. 18:   On August 23, 2020, defendant LAWRENCE used the EBP debit card issued in the name of T.M. at Bank of America in Northridge, California, to make two ATM withdrawals – for $200 and then for $800 – in rapid succession.

Overt Act No. 19:   On August 24, 2020, defendant LAWRENCE used the EBP debit card issued in the name of T.M. at Bank of America in Northridge, California, to make two ATM withdrawals – for $200 and then for $800 – in rapid succession.

Overt Act No. 20:   On August 25, 2020, defendant LAWRENCE used the EBP debit card issued in the name of T.M. at Bank of America in Chatsworth, California, to make two ATM withdrawals – for $200 and then for $800 – in rapid succession.

Overt Act No. 21:   On August 27, 2020, defendant LAWRENCE used the EBP debit card issued in the name of T.M. at Bank of America in Chatsworth, California, to make two ATM withdrawals – for $200 and then for $800 – in rapid succession.

Overt Act No. 22:   On August 28, 2020, defendant LAWRENCE used the EBP debit card issued in the name of T.M. at Bank of America in Northridge, California, to make two ATM withdrawals - each for $500 - in rapid succession.

Overt Act No. 23:   On September 2, 2020, defendant LAWRENCE used the EBP debit card issued in the name of T.M. at a Bank of America ATM in Chatsworth, California, to withdraw $800.

///

///

///

Identity-Theft Victim G.T.

Overt Act No. 24:   On July 24, 2020, defendant FOSTER electronically filed an application for pandemic assistance benefits in the name of victim G.T., which was approved.

Overt Act No. 25:   On August 13, 2020, defendant FOSTER contacted Bank of America to activate the EBP debit card linked to the EDD debit account established to dispense UI benefits to victim G.T.

Overt Act No. 26:   On August 13, 2020, defendant FOSTER used the EBP debit card issued in the name of G.T. to transfer $5,000 to the Champs Up Bank Account.

Overt Act No. 27:   On August 21, 2020, defendant COUNTS used the EBP debit card ending issued in the name of G.T. at a Bank of America ATM in Culver City, California, to withdraw $1,000.

Identity-Theft Victim J.J.

Overt Act No. 28:   On July 26, 2020, defendant FOSTER electronically filed an application for pandemic assistance benefits in the name of victim J.J., which was approved.

Overt Act No. 29:   On August 11, 2020, defendant FOSTER contacted Bank of America to activate the EBP debit card linked to the EDD debit account established to dispense UI benefits to victim J.J.

Overt Act No. 30:   On August 21, 2020, defendant COUNTS used the EBP debit card issued in the name of J.J., at a Bank of America ATM in Culver City, California, to withdraw $1,000.

///

///

///

<u>Identity-Theft Victim J.A.</u>

<u>Overt Act No. 31:</u>   On July 31, 2020, defendant FOSTER electronically filed an application for pandemic assistance benefits in the name of victim J.A., which was approved.

<u>Overt Act No. 32:</u>   On August 9, 2020, defendant FOSTER contacted Bank of America to activate the EBP debit card linked to the EDD debit account established to dispense UI benefits to victim J.J.

<u>Overt Act No. 33:</u>   On August 9, 2020, defendant FOSTER used the EBP debit card issued in the name of J.A. to transfer $5,000 to the Champs Up Bank Account.

<u>Overt Act No. 34:</u>   On August 10, 2020, defendant FOSTER used the EBP debit card issued in the name of J.A. at a Bank of America ATM in Long Beach, California, to withdraw $1,000.

<u>Overt Act No. 35:</u>   On August 14, 2020, defendant FOSTER used the EBP debit card issued in the name of J.A. at a Bank of America ATM in Long Beach, California, to withdraw $1,000.

<u>Overt Act No. 36:</u>   On August 15, 2020, defendant FOSTER used the EBP debit card issued in the name of J.A. at a Bank of America ATM in Long Beach, California, to withdraw $1,000.

<u>Overt Act No. 37:</u>   On August 21, 2020, defendant LAWRENCE used the EBP debit card issued in the name of J.A. at Bank of America in Chatsworth, California, to make two ATM withdrawals – for $200 and then for $800 – in rapid succession.

<u>Overt Act No. 38:</u>   On August 24, 2020, defendant LAWRENCE used the EBP debit card issued in the name of J.A. at Bank of America in Northridge, California, to make two ATM withdrawals – for $200 and then for $800 – in rapid succession.

<u>Overt Act No. 39:</u>  On August 28, 2020, defendant LAWRENCE used the EBP debit card issued in the name of J.A. at a Bank of America ATM in Chatsworth, California, to make two ATM withdrawals – each for $500 – in rapid succession.

<u>Overt Act No. 40:</u>  On August 29, 2020, defendant LAWRENCE used the EBP debit card issued in the name of J.A. at a Bank of America ATM in Northridge, California, to withdraw $500.

<u>Identity-Theft Victim J.D.</u>

<u>Overt Act No. 41:</u>  On August 4, 2020, defendant FOSTER electronically filed an application for pandemic assistance benefits in the name of victim J.D., which was approved.

<u>Overt Act No. 42:</u>  On August 15, 2020, defendant FOSTER contacted Bank of America to activate the EBP debit card linked to the EDD debit account established to dispense UI benefits to victim J.D.

<u>Overt Act No. 43:</u>  On August 15, 2020, defendant FOSTER used the EBP debit card issued in the name of J.D. to transfer $5,000 to the Champs Up Bank Account.

<u>Overt Act No. 44:</u>  On August 17, 2020, defendant FOSTER used the EBP debit card issued in the name of J.D. at a Bank of America ATM in Long Beach, California, to withdraw $1,000.

<u>Overt Act No. 45:</u>  On August 18, 2020, defendant FOSTER used the EBP debit card issued in the name of J.D. at a Bank of America ATM in Long Beach, California, to withdraw $1,000.

<u>Overt Act No. 46:</u>  On August 19, 2020, defendant FOSTER used the EBP debit card issued in the name of J.D. at a Bank of America ATM in Long Beach, California, to withdraw $1,000.

1        Overt Act No. 47:   On August 20, 2020, defendant FOSTER used
2   the EBP debit card issued in the name of J.D. at a Bank of America
3   ATM in Long Beach, California, to withdraw $1,000.

4        Overt Act No. 48:   On August 21, 2020, defendant LAWRENCE used
5   the EBP debit card issued in the name of J.D. at a Bank of America
6   ATM in Northridge, California, to withdraw $800.

7        Overt Act No. 49:   On August 25, 2020, defendant LAWRENCE used
8   the EBP debit card issued in the name of J.D. at a Bank of America
9   ATM in Hollywood, California, to withdraw $800.

10        Overt Act No. 50:   On August 28, 2020, defendant LAWRENCE used
11   the EBP debit card issued in the name of J.D. at a Bank of America
12   ATM in Northridge, California, to withdraw $500.

13        Overt Act No. 51:   On August 29, 2020, defendant LAWRENCE used
14   the EBP debit card issued in the name of J.D. at a Bank of America
15   ATM in Chatsworth, California, to withdraw $500.

16                        Identity-Theft Victim H.G.

17        Overt Act No. 52:   On August 4, 2020, defendant FOSTER
18   electronically filed an application for pandemic assistance benefits
19   in the name of victim H.G., which was approved.

20        Overt Act No. 53:   On August 13, 2020, defendant FOSTER
21   contacted Bank of America to activate the EBP debit card linked to
22   the EDD debit account established to dispense UI benefits to victim
23   H.G.

24        Overt Act No. 54:   On August 13, 2020, defendant FOSTER used
25   the EBP debit card issued in the name of H.G. to transfer $5,000 to
26   the Champs Up Bank Account.

27

28

Overt Act No. 55:   On August 14, 2020, defendant FOSTER used the EBP debit card issued in the name of H.G. at a Bank of America ATM in Long Beach, California, to withdraw $1,000.

Overt Act No. 56:   On August 17, 2020, defendant FOSTER used the EBP debit card issued in the name of H.G. at a Bank of America ATM in Long Beach, California, to withdraw $1,000.

Overt Act No. 57:   On August 18, 2020, defendant FOSTER used the EBP debit card issued in the name of H.G. at a Bank of America ATM in Long Beach, California, to withdraw $1,000.

Overt Act No. 58:   On August 21, 2020, defendant LAWRENCE used the EBP debit card issued in the name of H.G. at a Bank of America ATM in Northridge, California, to withdraw $800.

Overt Act No. 59:   On August 29, 2020, defendant LAWRENCE used the EBP debit card issued in the name of H.G. at a Bank of America ATM in Northridge, California, to make two ATM withdrawals – each for $500 – in rapid succession.

Identity-Theft Victim M.W.

Overt Act No. 60:   On August 7, 2020, defendant FOSTER electronically filed an application for pandemic assistance benefits in the name of victim M.W., which was approved.

Overt Act No. 61:   On August 18, 2020, defendant FOSTER contacted Bank of America to activate the EBP debit card linked to the EDD debit account established to dispense UI benefits to victim M.W.

Overt Act No. 62:   On August 18, 2020, defendant FOSTER used the EBP debit card issued in the name of M.W. to transfer $5,000 to the Champs Up Bank Account.

14

Overt Act No. 63:   On August 24, 2020, defendant COUNTS used the EBP debit card issued in the name of M.W. at a Bank of America ATM in Culver City, California, to withdraw $1,000.

COUNTS TWO THROUGH TEN

[18 U.S.C. §§ 1341, 2(b)]

[DEFENDANT FOSTER]

16.  The Grand Jury re-alleges paragraphs 1 through 12, 14 and 15 of this Indictment here.

A.  THE SCHEME TO DEFRAUD

17.  Beginning on a date unknown to the Grand Jury, but no later than in or around June 2020, and continuing through at least September 2020, in Los Angeles County, within the Central District of California, and elsewhere, defendant FOSTER, together with others known and unknown to the Grand Jury, knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud EDD and the United States Treasury as to material matters, and to obtain money and property from EDD and the United States Treasury, namely, UI benefits, including PUA benefits, by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

18.  The fraudulent scheme operated and was carried out, in substance, as described in paragraphs 14 and 15 of this Indictment.

B.  USE OF THE MAILS

19.  On or about the dates set forth below, within the Central District of California and elsewhere, defendant FOSTER, for the purpose of executing the above-described scheme to defraud, willfully caused the following items to be placed in an authorized depository for mail matter to be sent and delivered by the United States Postal Service, according to the directions thereon:

///

16

| COUNT | DATE | ITEM MAILED |
|-------|------|-------------|
| TWO | 7/19/2020 | EBP debit card for an account in the name of U.W. ending in 9676 sent by U.S. Mail from Bank of America to East 65th Street, Long Beach, California. |
| THREE | 7/26/2020 | EBP debit card for an account in the name of T.K. ending in 7011 sent by U.S. Mail from Bank of America to East 65th Street, Long Beach, California. |
| FOUR | 7/30/2020 | EBP debit card for an account in the name of T.M. ending in 0365 sent by U.S. Mail from Bank of America to East 65th Street, Long Beach, California. |
| FIVE | 7/30/2020 | EBP debit card for an account in the name of G.T. ending in 4498 sent by U.S. Mail from Bank of America to East 65th Street, Long Beach, California. |
| SIX | 7/31/2020 | EBP debit card for an account in the name of J.J. ending in 0680 sent by U.S. Mail from Bank of America to East 65th Street, Long Beach, California. |
| SEVEN | 8/3/2020 | EBP debit card for an account in the name of J.A. ending in 4134 sent by U.S. Mail from Bank of America to East 65th Street, Long Beach, California. |
| EIGHT | 8/6/2020 | EBP debit card for an account in the name of J.D. ending in 8152 sent by U.S. Mail from Bank of America to East 65th Street, Long Beach, California. |
| NINE | 8/6/2020 | EBP debit card for an account in the name of H.G. ending in 0077 sent by U.S. Mail from Bank of America to East 65th Street, Long Beach, California. |
| TEN | 8/10/2020 | EBP debit card for an account in the name of M.W. ending in 0533 sent by U.S. Mail from Bank of America to East 65th Street, Long Beach, California. |

COUNTS ELEVEN THROUGH THIRTY-TWO

[18 U.S.C. §§ 1344(2), 2(a), 2(b)]

[ALL DEFENDANTS]

20.  The Grand Jury re-alleges paragraphs 1 through 12, 14 and 15 of this Indictment here.

A.  THE SCHEME TO DEFRAUD

21.  Beginning on a date unknown to the Grand Jury, but no later than in or around June 2020, and continuing until in or around September 2020, in Los Angeles and Riverside Counties, within the Central District of California, and elsewhere, defendants FOSTER, COUNTS, and LAWRENCE, together with others known and unknown to the Grand Jury, knowingly and with intent to defraud, devised, participated in, and executed a scheme to obtain moneys, funds, credits, assets, and other property owned by and in the custody and control of federally-insured financial institutions by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

22.  The fraudulent scheme operated and was carried out, in substance, as described in paragraphs 14 and 15 of this Indictment.

B.  EXECUTIONS OF THE SCHEME

23.  On or about the following dates, in Los Angeles and Riverside Counties, within the Central District of California, and elsewhere, defendants FOSTER, COUNTS, and LAWRENCE as set forth below, together with others known and unknown to the Grand Jury, aiding and abetting each other, committed and willfully caused others to commit the following acts, each of which constituted an execution of the fraudulent scheme:

| COUNT | DEFENDANT(S) | DATE | ACT |
|---|---|---|---|
| ELEVEN | FOSTER LAWRENCE | 8/4/2020 | Use of an EDD debit card ending in 7011 issued in the name of T.K, at Bank of America to make two withdrawals of $500 each, in Chatsworth, California. |
| TWELVE | FOSTER | 8/10/2020 | Use of an EDD debit card ending in 4134 issued in the name of J.A., at Bank of America to withdraw $1,000, in Long Beach, California. |
| THIRTEEN | FOSTER | 8/14/2020 | Use of an EDD debit card ending in 0077 issued in the name of H.G., at Bank of America to withdraw $1,000, in Long Beach, California. |
| FOURTEEN | FOSTER | 8/15/2020 | Use of an EDD debit card ending in 0365 issued in the name of T.M. at Bank of America to withdraw $1,000, in Long Beach, California. |
| FIFTEEN | FOSTER | 8/15/2020 | Use of an EDD debit card ending in 4134 issued in the name of J.A., at Bank of America to withdraw $1,000, in Long Beach, California. |
| SIXTEEN | FOSTER | 8/16/2020 | Use of an EDD debit card ending in 4479 issued in the name of A.W., at Bank of America to withdraw $1,000, in Long Beach, California. |

| COUNT | DEFENDANT(S) | DATE | ACT |
|-------|-------------|------|-----|
| SEVENTEEN | FOSTER LAWRENCE | 8/17/2020 | Use of an EDD debit card ending in 9676 issued in the name of U.W., at Bank of America to withdraw $200, in Northridge, California. |
| EIGHTEEN | FOSTER LAWRENCE | 8/17/2020 | Use of an EDD debit card ending in 9676 issued in the name of U.W., at Bank of America to withdraw $800, in Northridge, California. |
| NINETEEN | FOSTER | 8/18/2020 | Use of an EDD debit card ending in 2399 issued in the name of A.S., at Bank of America to withdraw $1,000, in Long Beach, California. |
| TWENTY | FOSTER LAWRENCE | 8/18/2020 | Use of an EDD debit card ending in 9676 issued in the name of U.W., at Bank of America to withdraw $400, in Chatsworth, California. |
| TWENTY-ONE | FOSTER COUNTS | 8/21/2020 | Use of an EDD debit card ending in 4498 issued in the name of G.T., at Bank of America to withdraw $1,000, in Culver City, California. |
| TWENTY-TWO | FOSTER COUNTS | 8/21/2020 | Use of an EDD debit card ending in 3280 issued in the name of D.C., at Bank of America to withdraw $1,000, in Culver City, California. |

| COUNT | DEFENDANT(S) | DATE | ACT |
|---|---|---|---|
| TWENTY-THREE | FOSTER COUNTS | 8/21/2020 | Use of an EDD debit card ending in 0680 issued in the name of J.J., at Bank of America to withdraw $1,000, in Culver City, California. |
| TWENTY-FOUR | FOSTER COUNTS | 8/24/2020 | Use of an EDD debit card ending in 0533 issued in the name of M.W., at Bank of America to withdraw $1,000, in Culver City, California. |
| TWENTY-FIVE | FOSTER LAWRENCE | 8/25/2020 | Use of an EDD debit card ending in 8152 issued in the name of J.D., at Bank of America to withdraw $800, in Hollywood, California. |
| TWENTY-SIX | FOSTER LAWRENCE | 8/28/2020 | Use of an EDD debit card ending in 4134 issued in the name of J.A., at Bank of America to withdraw $500, in Chatsworth, California. |
| TWENTY-SEVEN | FOSTER LAWRENCE | 8/28/2020 | Use of an EDD debit card ending in 4134 issued in the name of J.A., at Bank of America to withdraw $500, in Chatsworth, California. |
| TWENTY-EIGHT | FOSTER LAWRENCE | 8/29/2020 | Use of an EDD debit card ending in 4134 issued in the name of J.A., at Bank of America to withdraw $500, in Northridge, California. |

| COUNT | DEFENDANT(S) | DATE | ACT |
|---|---|---|---|
| TWENTY-NINE | FOSTER LAWRENCE | 8/29/2020 | Use of an EDD debit card ending in 0077 issued in the name of H.G. at Bank of America to withdraw $500, in Northridge, California. |
| THIRTY | FOSTER LAWRENCE | 8/29/2020 | Use of an EDD debit card ending in 0077 issued in the name of H.G. at Bank of America to withdraw $500, in Northridge, California. |
| THIRTY-ONE | FOSTER LAWRENCE | 9/2/2020 | Use of an EDD debit card ending in 0365 issued in the name of T.M., at Bank of America to withdraw $800, in Chatsworth, California. |
| THIRTY-TWO | FOSTER COUNTS | 9/17/2020 | Use of an EDD debit card ending in 0409 issued in the name of K.G., at Bank of America to withdraw $1,000, in Culver City, California. |

COUNT THIRTY-THREE

[18 U.S.C. §§ 1029(a)(2), 2(a)]

[DEFENDANT FOSTER]

24.  The Grand Jury re-alleges paragraphs 1 through 12, 14 and 15 of this Indictment here.

25.  Beginning on or about July 14, 2020, and continuing through on or about November 5, 2020, in Los Angeles County, within the Central District of California, and elsewhere, defendant FOSTER, in transactions affecting interstate and foreign commerce, knowingly and with intent to defraud, used unauthorized access devices, as defined in Title 18, United States Code, Sections 1029(e)(1) and (3), specifically, EBP debit card account numbers linked to EDD debit accounts, which EBP debit card account numbers had been issued in the names of persons other than defendant FOSTER and had been obtained by defendant FOSTER with intent to defraud, and by such conduct obtained things of value, their value together totaling $1,000 or more during a one-year period.

COUNT THIRTY-FOUR

[18 U.S.C. §§ 1029(a)(2), 2(a)]

[DEFENDANT COUNTS]

26.  The Grand Jury re-alleges paragraphs 1 through 12, 14 and 15 of this Indictment here.

27.  Beginning on or about August 4, 2020, and continuing through on or about September 22, 2020, in Los Angeles County, within the Central District of California, and elsewhere, defendant COUNTS, in transactions affecting interstate and foreign commerce, knowingly and with intent to defraud, used unauthorized access devices, as defined in Title 18, United States Code, Sections 1029(e)(1) and (3), specifically, EBP debit card account numbers linked to EDD debit accounts, which EBP debit card account numbers had been issued in the names of persons other than defendant COUNTS and had been obtained by defendant COUNTS with intent to defraud, and by such conduct obtained things of value, their value together totaling $1,000 or more during a one-year period.

24

COUNT THIRTY-FIVE

[18 U.S.C. §§ 1029(a)(2), 2(a)]

[DEFENDANT LAWRENCE]

28.  The Grand Jury re-alleges paragraphs 1 through 12, 14 and 15 of this Indictment here.

29.  Beginning on or about August 1, 2020, and continuing through on or about September 12, 2020, in Los Angeles and Riverside Counties, within the Central District of California, and elsewhere, defendant LAWRENCE, in transactions affecting interstate and foreign commerce, knowingly and with intent to defraud, used unauthorized access devices, as defined in Title 18, United States Code, Sections 1029(e)(1) and (3), specifically, EBP debit card account numbers linked to EDD debit accounts, which EBP debit card account numbers had been issued in the names of persons other than defendant LAWRENCE and had been obtained by defendant LAWRENCE with intent to defraud, and by such conduct obtained things of value, their value together totaling $1,000 or more during a one-year period.

COUNTS THIRTY-SIX THROUGH FORTY

[18 U.S.C. §§ 1028A(a)(1), 2(b)]

[ALL DEFENDANTS]

30.  The Grand Jury re-alleges paragraphs 1 through 12, 14 and 15 of this Indictment here.

31.  On or about the dates set forth below, in Los Angeles, Riverside and Orange Counties, within the Central District of California, and elsewhere, defendants FOSTER, COUNTS, and LAWRENCE as set forth below, knowingly transferred, possessed, and used, and willfully caused to be transferred, possessed, and used, without lawful authority, means of identification that defendants knew belonged to other persons, namely, the names and Bank of America EDD debit account numbers of the individuals identified below, during and in relation to the felony violations charged in the counts of this Indictment identified below.

| COUNT | DEFENDANT(S) | DATE(S) | OTHER PERSON(S) | FELONY VIOLATION |
|---|---|---|---|---|
| THIRTY-SIX | FOSTER LAWRENCE | 8/6/2020– 8/18/2020 | H.G. | 18 U.S.C. § 1349 as charged in Count One |
| THIRTY-SEVEN | COUNTS | 8/13/2020– 8/21/2020 | G.T. | 18 U.S.C. § 1349 as charged in Count One |
| THIRTY-EIGHT | FOSTER | 8/9/2020– 8/10/2020 | J.A. | 18 U.S.C. § 1344(2) as charged in Count Twelve |
| THIRTY-NINE | LAWRENCE | 8/18/2020 | U.W. | 18 U.S.C. § 1344(2) as charged in Count Eighteen |
| FORTY | COUNTS | 8/21/2020 | G.T. | 18 U.S.C. § 1344(2) as charged in Count Twenty-One |

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 982]

32.  Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(2), in the event of any defendant's conviction of the offenses set forth in any of Counts One through Thirty-two and Thirty-six through Forty of this Indictment.

33.  Any defendant so convicted shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

34.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), any defendant so convicted shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. §§ 982 and 1029]

35.  Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 982(a)(2) and 1029, in the event of any defendant's conviction of the offenses set forth in any of Counts Thirty-three through Thirty-five of this Indictment.

36.  Any defendant so convicted shall forfeit to the United States of America the following:

(a)  All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense;

(b)  Any personal property used or intended to be used to commit the offense; and

(c)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

37.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1029(c)(2), any defendant so convicted shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the

court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/s/
_____
Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

BRAM M. ALDEN
Assistant United States Attorney
Chief, Criminal Appeals Section

RANEE A. KATZENSTEIN
Assistant United States Attorney
Criminal Appeals Section